John J. McCall, J.
The last will and testament of Clara C. Thiem was admitted to probate in this court on April 9, 1968. Paragraph designated Second of that instrument reads as follows: “ I give and bequeath to my nephew, John R. Kearns all shares of stock that I own at the time of my death.”
It presently appears that the testatrix was survived by two ■ individuals known as John R. Kearns, that each are the sons of the testatrix’ brother and that the testatrix knew each as her nephew and recognized them as such. From the language of the will it is impossible to identify the intended beneficiary of the stock left by the testatrix (416 shares of Tobin Packing Co. Inc.). Here is a truly classic case of the latent ambiguity, one dehors the will. There is no question that a gift has been established — the words of the will and its admission to probate do that. The court’s instant duty is to resolve the present ambiguity by determining just who takes.
Both parties here, in presenting their cases, have given full recognition to the rule that external evidence, including parol evidence, is admissible to furnish a basis for identification of the intended recipient of the unquestionably established gift. The evidence cannot reach the setting up of the gift; the language of the will does that. Legion are the cases promulgating this doctrine and the type of evidence permitted is best described as follows: u Where persons who might be the beneficiaries of the gift have the same name, evidence of family and personal associations, likes and dislikes, nearness or distance of residence, frequency of communication and the like may be received upon the question of identity of the legatee ” (7 Warren’s Heaton, Surrogates’ Courts, § 29, par. 3, p. 210).
Examining the proof offered on behalf of John R. Kearns No. 1 (so identified for the purposes of clarity in this opinion), *1033 one Walter Kearns testified he was the son of Walter James Kearns, was a nephew of the testatrix, that he has a sister and a half brother he called “Jack”. He denied knowledge of the half brother’s baptismal name. He further testified the testatrix came to his home in North Plainfield, New Jersey at the time of his father’s death (brother of testatrix, and visited with the family including his brother John). He further testified that he had several conversations with the testatrix during 1964 and 1965 and that she always inquired for the family members including his brother. He also quoted Mrs. Thiem as stating she was glad John stayed with his mother after the father left home (1941) and did not get married. A birth certificate showed John R. Kearns No. 1 to have been born May 2, 1936, and he was therefore 29 years of age on the day the will was executed. It appears from the testimony said John R. lived in New Jersey during the period in question, first with his parents, then with his mother.
John R. Kearns No. 1 was sworn as a witness but was not permitted to relate conversations with the deceased in face of objections on the basis of CPLR 4519, forbidding testimony relating to transactions with the deceased by a person interested in the event.
Evidence adduced on behalf of John R. Kearns No. 2 indicated he lived with the decedent at least from 1961 to 1964, attended high school in Albany, while residing with the testatrix. Neighbors testified this boy visited with them frequently, that they visited the home of the testatrix and saw the boy there, that the testatrix referred to him as her nephew, that she said his name was John, although he was known also as Jack, and that she once said “ she was going to leave the boy some stocks for his education and that he was going to be a doctor.” They further testified they often observed the boy shoveling the walk or cutting the grass at the home of the testatrix. One neighbor attended the boy’s high school graduation exercises (1964) here in Albany, while he was residing with the testatrix. One neighbor testified the deceased referred to the fact she had a nephew in Jersey named “Dick”. John R. Kearns No. 2 is currently residing in Fairlawn, New Jersey.
From the foregoing evidence bearing upon the association of the testatrix with both claimants, the court finds she intended the beneficiary of the bequest in paragraph marked Second in her will to be John Robert Kearns No. 2, now residing at Fair-lawn, New Jersey, and not John Richard Kearns No. 1, residing in North Plainfield, New Jersey and the petitioner herein.